# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

Nos. 1:98-CR-36 and 1:01-CR-157

United States of America

v.

James Arlon Brocklehurst
                                              Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending in these two cases are petitions filed March 6, 2009, alleging that defendant violated conditions of supervised release. These matters are referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I. The Original Convictions and Sentences

Defendant was sentenced on June 18, 1999, for Cause No. 1:98-CR-36, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession with Intent to Deliver Cocaine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. Defendant was subsequently sentenced to 108 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions including that defendant not illegally possess a controlled substance; refrain from unlawful use of a controlled substance.

While serving the sentence discussed above, defendant committed a new offense. He was sentenced on January 23, 2002, in Cause No. 1:01-CR-157, by The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession Contraband in Prison, Marijuana, a Class D felony. This offense carried a statutory maximum imprisonment term of 8 months years. The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of IV, was 2 to 8 months. Defendant was subsequently sentenced to 8 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions drug aftercare; and a $100 special assessment.

The two prison sentences were ordered to be served consecutively. However, the respective terms of supervised release were ordered to be served concurrently.

## II. The Period of Supervision

On November 1, 2006, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case No. 1:98-CR-36 was later reassigned to The Honorable Richard A. Schell.

On October 30, 2007, the conditions of supervised release were modified to include the performance of 150 hours of community service as directed by the probation officer. On February, 12, 2008, conditions of supervised release were again modified to include the placement of home detention for a period not to exceed 120 days, which included electronic monitoring. Defendant was also instructed to enter into and complete vocational training as directed by the probation officer.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 6, 2009. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |

As grounds, the petition alleges that defendant submitted urine specimens on the following dates that tested positive for controlled substance: on January 15, 2007, defendant tested positive for cocaine, he reported the use of ecstasy (3, 4 Methylenedioxymethamphetamine), which he believed contained cocaine; on October 13, 2007, defendant tested positive for marijuana and admitted to the use; on December 30, 2007, defendant tested positive for marijuana and admitted to use; on February 12, 2009, defendant tested positive for cocaine, denied usage, the specimen was sent to a laboratory, which confirmed the positive test result. Defendant also failed to commence employment until 8 months after he began his term of supervision, and has been unemployed since May 2008.

## IV. Proceedings

On March 31, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release in each case and impose 11 months imprisonment to run concurrent in each case, with no term of supervised release thereafter.

Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by unlawfully using a controlled substance, as evidenced by submitting a urine specimen positive for marijuana on or about October 13, 2007, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 11 months for Cause No. 1:98-CR-36. The 11 month term is to run concurrent with Cause No. 1:01-CR-157.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __3__ day of April, 2009.

_____
Earl S. Hines
United States Magistrate Judge